# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
Benjamin Batchelder,

                              Plaintiffs,

        - against-

The City Of New York, Lieutenant David Cuce, Officer Steven Lowe, Shield No. 28737, and John Does #1-6,
                              Defendants.
-------------------------------------------------------------------------X

Filed:_____

Index No.:

Plaintiff designates New York County as the place of trial

The basis of venue is:
The situs of occurrence

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANTS:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       April 28, 2021

The nature of this action is for violation of Plaintiff's Civil and Constitutional Rights.
The relief sought is monetary damages.

                                        **LIAKAS LAW, P.C.**

                         -----------------------------------------------
                         BY: Nicholas Mindicino, ESQ.
                         *Attorney for Plaintiff*
                         65 Broadway, 13th Floor
                         New York, N.Y. 10006
                         (212) 937-7765

**If you fail to respond, judgment will be entered against you by default, with interest from date of incident.**
Defendants:

| City of New York | Lieutenant David Cuce | Officer Steven Lowe, Shield No. 28737 |
|---|---|---|
| Office of the Corporation Counsel | Criminal Intelligence Section | NYPD 18th Precinct |
| 100 Church Street | 1 Police Plaza | 306 West 54th Street |
| New York, New York 10007 | New York NY 10038 | New York, NY, 10019-5102 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
Benjamin Batchelder,

                Plaintiffs,

    - against-

The City Of New York, Lieutenant David Cuce, Officer Steven
Lowe, Shield No. 28737, and John Does #1-6,
                Defendants.
------------------------------------------------------------------------X

VERIFIED COMPLAINT

Plaintiff, by his attorneys, LIAKAS LAW, P.C., as and for this Complaint, alleges as follows:

### Preliminary Statement

1. This is a civil rights action in which plaintiff seeks relief through the laws of the United States and the State of New York for the violation of his right to be Free of Unreasonable Search and Seizure under the United States and the New York State Constitutions.

2. The claim arises from a June 2, 2020 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to false arrest, assault, battery, and uses of excessive force.

3. Plaintiff seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper

### JURISDICTION & VENUE

4. Within 90 days of the incidents alleged in this complaint, Plaintiff served upon Defendant, City of New York, a Notice of Claim setting forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where and the manner in which the claim arose, and the items of damages or injuries claimed.

5. More than 30 days have elapsed since Plaintiff's Notice of Claim was served on Defendant.

6. Venue is proper in the Supreme Court of the State of New York, New York County, because the acts in question occurred in the State of New York, New York County, and the City of New York is subject to personal jurisdiction in the Supreme Court of the State of New York, New York County.

**PARTIES**

7. Plaintiff Benjamin Batchelder is a resident of the State of New York, Kings County.

8. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9. NYPD Lieutenant David Cuce, Officer Steven Lowe, Shield No. 28737 and John Does #1-6 were at all relevant times police officers of the NYPD, and as such were acting in the capacity of agent, servant and employee of the City of New York. On information and belief, defendants Cuce, Lowe and John Does #1-6 were involved in the illegal arrest and prosecution of plaintiff, the assault/battery committed against Plaintiff and/or failed to intervene in the actions of their fellow officers. Defendants Cuce, Lowe and John Does #1-6 are sued in their individual capacities.

10. John Does #1-6 are individual police officers involved in the arrest and prosecution of Plaintiff whose names are not presently in Plaintiff's possession.

## FACTUAL HISTORY

11. On June 2, 2020 Plaintiff was participating in a lawful protest related to the death of George Floyd, and more generally police accountability.

12. Plaintiff was engaged in peaceful protest near the intersection of 53rd Street and 9th Avenue in Manhattan.

13. Plaintiff began filming the arrest of another protester.

14. As Plaintiff was filming the arrest of another protester, Defendant Cuce approached Plaintiff in an aggressive manner, threatening Plaintiff with his NYPD issued baton.

15. Cuce choked Plaintiff, and knocked him to the ground.

16. Defendants applied force to Plaintiff's body, as he lay on the ground.

17. Upon information and belief, Defendant Lowe was among the officers who struck Plaintiff, and/or failed to intervene in the actions of his fellow officers.

18. Plaintiff did not resist the officers, nor did he strike or attempt to strike the officers, and posed no risk to officer safety.

19. Plaintiff was arrested by the officers.

20. Plaintiff was released many hours later with a Desk Appearance Ticket to appear in court.

21. All charges against Plaintiff were later dismissed.

22. At all times herein, the defendants lacked probable cause to believe Plaintiff had committed any crime.

23. Defendant Cuce and Lowe participated in the prosecution of plaintiff by drafting arrest paperwork, recommending charges be brought against Plaintiff, communicating with

members of the District Attorney's office, and/or forwarding the police and arrest paperwork related to plaintiff's arrest to the assigned prosecutor.

24. Defendants Cuce and Lowe presented false information to the prosecutor by alleging plaintiff committed various acts which they were aware he had not committed.

25. Defendant Cuce and Lowe personally participated in the arrest of plaintiff, and the use of force against plaintiff, and/or failed to intervene in the illegal actions of their fellow officers.

26. Defendants acted under color of law at all times during this incident.

## DAMAGES

27. As a direct and proximate result of the acts of defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his Federal and New York State Constitutional right to Due Process of Law;

    b. Violation of his Federal and New York State Constitutional right to be free from unreasonable searches and seizures;

    c. Loss of Liberty;

    d. Physical pain and suffering;

    e. Physical injuries;

    f. Emotional distress, including fear, anger, embarrassment, depression, and anxiety.

## FIRST CAUSE OF ACTION
(False Arrest Under New York State Law)

28. The above paragraphs are here incorporated by reference.

29. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

30. Defendants intended to confine plaintiff and in fact confined plaintiff.

31. Plaintiff was conscious of the confinement and did not consent to it.

32. The confinement of Plaintiff was not privileged.

33. Plaintiff was damaged by their wrongful imprisonment.

## SECOND CAUSE OF ACTION
(Assault Under New York State Law)

34. The above paragraphs are here incorporated by reference.

35. Defendants made plaintiff fear for his physical well-being and safety and placed his in apprehension of immediate harmful and/or offensive touching.

36. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive his of such rights and are liable to plaintiff under common law, and the laws and Constitution of New York State.

37. Plaintiff was damaged by defendants' assault.

## THIRD CAUSE OF ACTION
(Battery Under New York State Law)

38. The above paragraphs are here incorporated by reference.

39. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered plaintiff.

40. Defendants used excessive and unnecessary force against plaintiff.

41. Plaintiff was damaged by defendants' battery.

## FOURTH CAUSE OF ACTION
(Respondeat Superior)

42. The above paragraphs are here incorporated by reference.

43. The defendants' tortious acts were undertaken within the scope of their employment by Defendant City of New York and in furtherance of the Defendant City of New York's interest.

44. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of Defendant City of New York, Plaintiff was damaged.

45. The City of New York is liable for the tortious acts of its employees by reason of respondeat superior.

## FIFTH CAUSE OF ACTION
(42 U.S.C. §1983)

46. The above paragraphs are here incorporated by reference.

47. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive his of such rights and are liable to Plaintiff under 42 USC § 1983.

48. Defendants' conduct deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

49. Defendants' conduct deprived Plaintiffs of his right to due process of law, pursuant to the Fourteenth Amendment to the United States Constitution.

50. Defendants' conduct deprived Plaintiff of his right to freedom of speech and assembly pursuant to First Amendment to the United States Constitution.

51. Defendants falsely arrested plaintiff without probable cause to believe either plaintiff had committed a crime, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

52. Defendants used excessive and unnecessary force against Plaintiff, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

53. Defendants deprived Plaintiff of the ability and opportunity to speak and peacefully assemble by forcibly arresting his in retaliation for the exercise of those rights.

54. Defendants failed to intervene in each other's obviously illegal actions.

55. Plaintiff has been damaged as a result of defendants' wrongful acts.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(A) compensatory damages in an amount to be determined at trial for each of Plaintiff's Causes of Action;

(B) punitive damages in an amount to be determined at trial;

(C) an order awarding Plaintiff reasonable attorneys' fees and costs;

(D) such other further relief as the Court may deem just and proper.

Dated: New York, New York
April 28, 2021

          Yours, etc.
          LIAKAS LAW, P.C.

By: _____
Nicholas Mindicino, ESQ.
*Attorneys for Plaintiff*
65 Broadway, 13th Floor
New York, New York 10006
(212) 937-7765

STATE OF NEW YORK )
) ss
COUNTY OF NEW YORK )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for Plaintiff in the within action; I have read the foregoing SUMMONS AND VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
April 28, 2021

_____
NICHOLAS MINDICINO, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Benjamin Batchelder,

        Plaintiffs,

 - against-

The City Of New York, Lieutenant David Cuce, Officer Steven Lowe, Shield No. 28737, and John Does #1-6,

**LIAKAS LAW, P.C.**
Attorneys for Plaintiff(s)
65 Broadway - 13th Floor
New York, New York 10006
212-937-7765

**SUMMONS and VERIFIED COMPLAINT**

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

Nicholas Mindicino, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:

I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated: New York, New York
   April 28, 2021

_____
Nicholas Mindicino, ESQ.

_____
PLEASE TAKE NOTICE

( ) that the within is a (certified) true copy of a Notice of     entered in the Office of the clerk of the within Entry named Court on

( ) that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon.   one of the Judges of the Settlement within named Court, on  ,
   at